10-126-ag
Li v. Holder

BIA
Sichel, IJ
A094 787 512

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of January, two thousand eleven.

PRESENT:
        JON O. NEWMAN,
        REENA RAGGI,
        DEBRA ANN LIVINGSTON,
                Circuit Judges.
_____

QI MING LI,
        Petitioner,

        v.                                          10-126-ag
                                                    NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        Respondent.
_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Terri J. Scadron, Assistant Director;
                       Manuel A. Palau, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Qi Ming Li, a native and citizen of the People's Republic of China, seeks review of a December 22, 2009, order of the BIA affirming the February 5, 2008, decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Ming Li*, No. A094 787 512 (B.I.A. Dec. 22, 2009), *aff'g* No. A094 787 512 (Immig. Ct. N.Y. City Feb. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Li challenges the agency's denial of his application for asylum, withholding of removal, and CAT relief. Under the circumstances of this case, we review the IJ's decision as supplemented and modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *see also Manzur v. U.S. Dep't of*

*Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

**I.   Past Persecution**

We find no error in the agency's determination that the harm Li allegedly suffered in China was not sufficiently severe to rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) ("[P]ersecution does not encompass mere harassment"); *cf. Baba v. Holder*, 569 F.3d 79, 81 (2d Cir. 2009) ("Daily beatings, a near-starvation diet, and a death threat, administered by the national police during a week-long detention in harsh prison conditions . . . satisfy the standard for persecution . . . .").

**II.  Well-Founded Fear of Persecution**

We also find no error in the agency's determination that Li failed to establish a well-founded fear of future persecution given his failure to provide reasonably available corroboration. "In determining whether the applicant has met [his] burden, the [agency] may weigh the credible testimony along with other evidence of record," and where the agency "determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence

and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Here, the BIA pointed out that the letter Li's parents provided failed to mention his alleged detention in 2004 or that police sought to arrest him in 2005, despite his testimony that they had knowledge of both of these events. Moreover, the agency found that Li failed to provide an affidavit from the friend he allegedly visited after his encounter with Chinese officials, despite the fact that the friend now lives in Canada and Li remains in contact with this person. Thus, the agency did not err in finding that Li failed to provide adequate and reasonably available corroboration for his claimed fear of future persecution. *See* *id.*

Additionally, we are unpersuaded by Li's assertion that, under the REAL ID Act, the IJ erred in failing to afford him notice of the corroboration she found lacking and an opportunity to remedy this evidentiary shortcoming. We have held that the IJ's designation of missing corroboration need not be done prior to the disposition of an alien's claim. *See* *Chuilu Liu v. Holder,* 575 F.3d 193, 198-99 (2d Cir. 2009). Although the Court in *Chuilu Liu* limited its holding to pre-REAL ID Act cases, Li points to no language in the REAL ID Act

4

providing for the notice requirement he urges. Moreover, such a requirement would contradict the immigration court's rule that all supporting evidence be filed in advance of the merits hearing and would require the IJ to conduct two merits hearings in many cases, causing considerable delay.

Furthermore, contrary to Li's argument, the agency specifically considered his fear of future persecution based on his testimony that he will join an underground church upon return to China and inevitably be arrested for proselytizing to others, and reasonably determined that Li's fear was too speculative to be objectively reasonable. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

Finally, because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, and because his claims for withholding of removal and CAT relief were based on the same factual predicate as his asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991); *see also Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

5

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
